**UNITED STATES of America,**
**Appellee,**

v.

**John E. MITCHELL, Appellant.**

**No. 73–1831.**

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 6, 1974.

Decided April 16, 1974.

Laurence G. Roman, Arlington, Va., Court-appointed counsel, (Roman, Davenport & Davenport, Arlington, Va., on brief), for appellant.

David H. Hopkins, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on brief), for appellee.

Before WINTER, BUTZNER and WIDENER, Circuit Judges.

WINTER, Circuit Judge:

Found guilty by a jury of having made and subscribed a false individual income tax return for the 1969 taxable year in violation of 26 U.S.C. § 7206(1),[1] John E. Mitchell appeals.[2] Of the several contentions raised on appeal, we conclude that the district court erroneously failed to instruct the jury in two respects and that at least one of the errors constituted reversible error. We reverse the judgment entered on the conviction and grant a new trial.

## I.

For the tax year in question, defendant was employed as a policeman for Arlington County, Virginia. In addition, he had part-time employment as a security guard or a security guard supervisor for the Pomponio Corporations (Pomponio), World Instruction and Translation, Inc., and R & R Ties, Inc., three private employers who wanted security guards at various locations where building operations were being conducted. The basis of the prosecution was that defendant had materially understated his income from Pomponio.

The government offered evidence that defendant was employed as an independent subcontractor to provide security at Pomponio's various building operations, and that his duties were to hire and

---

1. 26 U.S.C. § 7206(1):

    Any person who—

    Willfully makes and subscribes any return . . . verified by a written declaration that it is made under the penalty of perjury, and which he does not believe to be true and correct as to every material matter . . . shall be guilty of a felony . . .

2. Defendant was acquitted of the same offense alleged to have been committed with regard to the tax year 1968.

schedule security officers and, at times, to work as a security guard himself. Both parties agree that defendant received a sum equal to $3.00 per hour for all hours for which the time records, prepared by defendant and submitted to Pomponio, indicated that security had been provided. From this sum defendant paid the other guards $2.50 per hour for the time they had worked, retaining $.50 per hour for himself. He kept full compensation of $3.00 per hour for the time that he himself served as a guard.

The indictment alleged that defendant reported his gross income as $11,604.69, but that he should have reported it as $56,970.00. The government offered proof that defendant had been paid approximately $41,000 by Pomponio in 1969 as an independent subcontractor. Defendant claimed, however, that he was an employee or agent of Pomponio and not an independent contractor. He testified that he considered himself an employee of Pomponio, that he worked under the supervision of Pomponio's head security officer, that he was simply timekeeper for the other guards, and that he was given orders by Pomponio's head security officer and other Pomponio employees. His testimony was partially corroborated by that of another employee of Pomponio. In response to defendant's argument that he was an employee rather than an independent subcontractor, the government offered two computations. One, based upon Pomponio's records, showed that even as an employee of Pomponio, defendant should have reported the net amount of $14,246; and the other, based upon defendant's records, showed that defendant should have reported the net amount of $11,489.50.[3]

On the basis of the defense evidence that the defendant was an employee or agent of Pomponio, the district court was requested to instruct the jury, first, that if it found that Pomponio "had the right to prescribe not only what the results of John Mitchell's work should be,

but also to direct the means and methods by which John Mitchell should do the work, then John Mitchell was an agent of Pomponio," and second, that if the jury found that the defendant was an agent, it "must find that the checks made payable to him were not to be included in his gross income except to the extent of 50¢ per hour worked by others and $3.00 per hour for the time worked by him." The district court denied these requests and this denial constituted the first error.

Defendant also asserted a second defense. Its evidentiary basis was defendant's testimony that he had his 1969 return prepared by Mr. Joseph A. Whitehead who operated a Montgomery Ward tax service. Defendant testified that he gave all of his tax information—including his records of his income and expenses from Pomponio—to a young man in Mr. Whitehead's office, that the young man told him to return later in the day, and that when he returned Mr. Whitehead was completing the return. According to defendant, after a brief conversation, Mr. Whitehead gave him the return, and then, without reviewing the return because he was tired from having worked for twenty-four consecutive hours, defendant signed the return and filed it. Based on this testimony, defendant asked that the jury be instructed that if it found that defendant provided full information regarding his taxable income and expenses for 1969 to a person holding himself out as qualified to prepare federal income tax returns for others, and that defendant adopted, signed and filed his return as prepared without having reason to believe that it was incorrect, then defendant should be found not guilty. The district court refused this instruction and its refusal was reversible error.

## II.

The government does not dispute that defendant's requested instructions were accurate as statements of law. We think that there was a foundation in the

3. The government does not dispute that, if defendant was not an independent contractor, he was not required to report as gross income all sums paid by Pomponio.

evidence for them and, as a consequence, they should have been granted. The district court's charge to the jury should have at least included the substance of the requested instructions in language sufficiently precise to instruct the jury in the defendant's theory of defense. *See* Bursten v. United States, 395 F.2d 976, 981–982 (5 Cir. 1968); Perez v. United States, 297 F.2d 12, 15–16 (5 Cir. 1961). Absent militating circumstances, the district court's failure to give the requested instructions constituted reversible error.

■ A. With regard to the requested agency instructions, the government argues that if the district court erred in failing to give the instructions, the error was harmless because even if the defendant were found to have been an agent of Pomponio, the government's case of underreporting would not be defeated. The only effect of such a finding would be to reduce the amount that the defendant should have reported as income from Pomponio. Instead of listing $41,000 in gross income from Pomponio (and presumably entering the other guards' salaries as business expenses), if the defendant were an agent or employee of Pomponio, he should have shown—depending on which set of records is accepted as accurate—gross income from Pomponio of $14,246 or $11,489, the part of the total $41,000 payment from Pomponio which represents his own $3.00 per hour salary for guard work and the $.50 per hour commission for the other guards' work.

It is true that defendant's agency defense was not a complete defense, because even if accepted defendant could have still been found guilty of the crime charged. It would be easier, however, for the trier of the fact to find bad faith or evil motive in an underreporting of $41,000 than of $14,000 or $11,000. We therefore think that the differences in the amounts of underreporting, depending upon whether defendant was a subcontractor or an agent, were sufficiently great that defendant's requested instructions should have been granted since the crime charged required proof of willfulness— an element of fraud or bad faith.

On the other hand, most of the prejudice stemming from refusal of the agency instructions was neutralized when the district court told the jury that while "you are the sole judges of the facts, I don't have the slightest doubt in my mind that Pomponio did not intend to pay him some seven or eight hundred dollars a week as a salary or anything else." This was an express indication that the district judge did not accept the government's theory that the defendant received $41,000 in gross income from Pomponio. Were refusal of the agency instruction the sole issue on appeal, we would be inclined to hold that the error was harmless. But since the case must be tried anew, we indicate our view that the requested agency instructions should have been given.

■ B. That the refusal of defendant's requested instruction in regard to his alleged use and reliance on an expert tax preparer constituted reversible error stands on a surer foundation. Given defendant's evidence on this point, the instruction should have been granted. Bursten v. United States, supra. Although the government argues that the instruction was given in substance, we read the record differently. It is true that the jury was told that defendant had testified that "he understood that Mr. Whitestone [sic] was going to figure it all out for him [prepare the return]" and later that if defendant understated his gross income "in good faith, then you should acquit him." But these oblique references to defendant's defense of reliance on expert advice were separated by other comments; and both from the separation and their inherent ambiguity, we conclude that defendant did not receive the precise and specific charge to which he was entitled. Bursten v. United States, 395 F.2d at 981– 982.

In light of these conclusions, we find it unnecessary to consider defendant's other contentions.

Reversed; new trial granted.