**UNITED STATES of America, Appellee,**

v.

**Robert L. THOMPSON, Appellant.**

**No. 74–1873.**

United States Court of Appeals, Eighth Circuit.

Submitted March 11, 1975.

Decided April 1, 1975.

Stephen H. Gilmore, Clayton, Mo., for appellant.

Murray S. Horwitz, Atty., Tax Div., Dept. of Justice, Washington, D. C., for appellee.

Before GIBSON, Chief Judge, CLARK, Associate Justice, Retired,* and LAY, Circuit Judge.

**PER CURIAM.**

Defendant Robert L. Thompson was convicted by a jury of willful failure to file his 1969 and 1970 income tax returns, a violation of 26 U.S.C. § 7203 (1970), and sentenced to six months incarceration to be followed by three years probation. On appeal he challenges the sufficiency of the evidence to prove a willful failure to file, and contends that the District Court erred in admitting evidence of his late filing in prior tax years and excluding two offered defense exhibits. We affirm.

The defendant argues that the Government failed to prove a "voluntary, intentional violation of a known legal duty" as required by United States v. Bishop, 412 U.S. 346, 360, 93 S.Ct. 2008, 2017, 36 L.Ed.2d 941 (1973). Our review of such a claim is limited to determining whether the evidence, when viewed in a light most favorable to the Government, was sufficient to submit the issue of guilt to the jury. United States v. May, 419 F.2d 553, 555 (8th Cir. 1969). After a careful review of the record, we conclude that the evidence was sufficient for the jury to find beyond a reasonable doubt that the defendant was required to file 1969 and 1970 returns and willfully failed to do so when required.

Thompson, a 51-year-old college graduate, has operated a bookkeeping and tax service since 1951, and is familiar with filing requirements for federal tax returns. On August 4, 1971, he told the IRS by affidavit that his 1969 return was filed in July, 1970, and that his 1970 return was filed in July, 1971. The evidence showed, however, that he mailed his 1970 return the following day, August 5, 1971, and that he filed his 1969 return five months later, January 4, 1972. This and other circumstantial evidence of late filing in 1965–68 was sufficient as a whole to support the verdict. United States v. MacLeod, 436 F.2d 947 (8th Cir.), cert. denied, 402 U.S. 907, 91

* Associate Justice Tom C. Clark, United States Supreme Court, Retired, sitting by designation.

S.Ct. 1378, 28 L.Ed.2d 647 (1971). Thus, despite Thompson's efforts to detail severe marital problems, hospitalization and extensive travel to negate his willfulness, the jury properly could and did conclude that his failures to file timely were willful. United States v. Bengimina, 499 F.2d 117, 120 (8th Cir. 1974). See Spies v. United States, 317 U.S. 492, 500, 63 S.Ct. 364, 87 L.Ed. 418 (1943).

■ The defendant also asserts as error the admission of his tax returns for 1965–68 and other evidence to show a pattern of late filing in years prior to those charged. Such relevant evidence of similar crimes or misconduct to prove intent in a criminal trial is admissible. Rule 404(b), Fed.R.Ev.;[1] United States v. Ming, 466 F.2d 1000, 1009 (7th Cir.), cert. denied, 409 U.S. 915, 93 S.Ct. 235, 34 L.Ed.2d 176 (1972). The evidence here does not appear to be prejudicial, and further, any prejudice that might occur is outweighed by its probative value. See Rule 403, Fed.R.Ev. Evidence that defendant's late filings in prior years went unprosecuted may have evoked sympathy in defendant's favor if properly argued to the jury.[2]

■ Finally, defendant complains of the exclusion of two exhibits offered to show that the IRS on occasion misplaces filed returns before processing them. These exhibits had no connection with defendant's returns.[3] We find no error in the trial court's exclusion of the exhibits as irrelevant. See Rules 401 and 403, Fed.R.Ev.

The judgment of conviction is affirmed.

---

1. Although the Federal Rules of Evidence for United States Courts and Magistrates, Pub.L. No. 93–595 (Jan. 2, 1975), are not effective until July 1, 1975, they are in the instances here cited not contrary to case law. Hence, we feel it appropriate to cite them as a primary source of evidentiary rules.

2. Our consideration of defendant's challenge to the court's instruction permitting the jury to consider the evidence of late filing in prior years as relevant to its determination of willfulness is limited to a search for plain error because defendant failed to raise the point below. Rule 52(b), Fed.R.Crim.P. We find no error in the instruction.

3. The exhibits were IRS form letters mailed to defendant's tax clients inquiring whether they filed returns.