UNITED STATES of America, Appellee,

v.

**Day Drew LUTTRELL, Appellant.**

**No. 79–1713.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 8, 1980.

Decided Jan. 14, 1980.

---

Kenneth R. Mourton, Ball & Mourton, Fayetteville, Ark. and James W. Gallman, Gallman & Wiley, Fayetteville, Ark., on brief for appellant.

George W. Proctor, U. S. Atty., and Fletcher Jackson, Asst. U. S. Atty., Little Rock, Ark., on brief for appellee.

Before HEANEY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

Defendant was tried and convicted of failure to file income tax returns for the years 1974 and 1975 in violation of 26 U.S.C. § 7203. At trial the government introduced proof that defendant filed a tax return for 1970, but not 1971 and 1972. A return for 1973 was filed after the investigation started. The government also introduced proof that defendant did not file timely income tax returns for the years 1976, 1977, and 1978. The single claim raised by defendant in this direct criminal appeal is that the district court erred in admitting evidence of defendant's failure to timely file tax returns in three years subsequent to the years involved in the charges.

As admitted by defendant, evidence of prior failure to file tax returns has been admitted in several cases. *See, e. g., United States v. Thompson,* 513 F.2d 577, 579 (8th Cir. 1975); *United States v. John-son,* 386 F.2d 630, 631 (3d Cir. 1967). And similar evidence of subsequent failure to file was approved in *United States v. Farris,* 517 F.2d 226, 229 (7th Cir.), *cert. denied,* 423 U.S. 892, 96 S.Ct. 189, 46 L.Ed.2d 123 (1975). *See also United States v. Stout,* 601 F.2d 325, 329 (7th Cir. 1979). Rule 404(b) of the Federal Rules of Evidence provides in part that evidence of other *acts* may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident";[1] and Rule 406 of the Federal Rules of Evidence provides evidence of a person's habits may be admitted. Clearly, there was no abuse of discretion in the district court's admission of evidence regarding defendant's income tax filings, either for the years preceding or following the years on which his conviction was based. And the conviction is affirmed.

---

1. Since Rule 404(b) permits evidence of other wrongs and acts as well as crimes, there appears to be little merit in defendant's claim that the government failed to prove every element of a crime in failing to file returns in subsequent years, *i. e.,* that he had a duty to file a return in 1976, 1977, and 1978. But, even if defendant were correct that the government should have shown a duty to file, the admission by defendant's attorneys at sentencing that they had prepared returns for those three years and that defendant's tax liability was $600 for 1976, $1,100 for 1977, and $1,200 for 1978 indicates taxpayer was under such a duty. Finally, the virtually uncontradicted and overwhelming evidence establishes that the error, if any, was harmless. *See United States v. Jackson,* 588 F.2d 1046, 1056 (5th Cir.), *rehearing denied,* 591 F.2d 1343 (5th Cir.), *cert. denied,* 442 U.S. 941, 99 S.Ct. 2882, 61 L.Ed.2d 310 (1979); *United States v. Coades,* 549 F.2d 1303, 1306 (9th Cir. 1977); *United States v. Christian,* 427 F.2d 1299, 1303 (8th Cir.), *cert. denied,* 400 U.S. 909, 91 S.Ct. 153, 27 L.Ed.2d 148 (1970).