**UNITED STATES of America, Appellee,**

v.

**Michael O. FARBER, Appellant.**

**No. 79–1815.**

United States Court of Appeals, Eighth Circuit.

Submitted May 19, 1980.

Decided July 10, 1980.

Order Denying Petition for Rehearing En Banc Aug. 25, 1980.

Rehearing Denied Aug. 25, 1980.

Mark W. Bennett, Allen, Babich & Bennett, Des Moines, Iowa, for appellant; Michael O. Farber, Spencer, Iowa, on brief pro se.

Amanda M. Dorr, Asst. U. S. Atty., Des Moines, Iowa, for appellee; Roxanne Barton Conlin, U. S. Atty., Des Moines, Iowa, on brief.

Before HENLEY and McMILLIAN, Circuit Judges, and ROY, District Judge.[*]

HENLEY, Circuit Judge.

Michael O. Farber appeals from the judgment and sentence of the district court[1] convicting him of willful failure to file an income tax return for tax year 1974, in violation of 26 U.S.C. § 7203. Appellant was sentenced to one year imprisonment with provision for release after service of one-third of this term. We affirm.

During 1974 Farber was employed as a salesman for the IMC Mint Corporation (IMC) of Salt Lake City, Utah. His employment with this corporation began in spring of 1973 and terminated when the organization was placed in receivership on June 21, 1974. According to uncontested evidence at trial, Farber received a total of $24,060.07 in commission paychecks from IMC in 1974. However, due to the confused state of the corporation's records, he apparently did not receive a Form 1099 from either IMC or the receiver indicating his total commissions for 1974.

Appellant submitted a Form 1040 return for 1974, but allegedly because he lacked a Form 1099 from which to ascertain his income, he answered key entries with assertion of the fifth amendment.[2]

On appeal, both appellant pro se and retained counsel have submitted briefs. Our affirmance is based on careful review of each.

Farber contends first that the district court abused its discretion in admitting into evidence voluminous tax documents which could fairly be characterized as tax protester materials for years subsequent to 1974.

■ It is settled that evidence of other crimes or acts is admissible under Fed.R. Evid. 404(b) to show intent, plan, or absence of mistake, so long as four additional prerequisites are met, i. e., (1) a material issue has been raised; (2) the proffered evidence is relevant to that issue; (3) the evidence of other crimes is clear and convincing; and (4) the evidence relates to wrongdoing similar in kind and reasonably close in time to the charge at trial. *United States v. Frederickson*, 601 F.2d 1358, 1365 (8th Cir.), *cert. denied*, 444 U.S. 934, 100 S.Ct. 281, 62 L.Ed.2d 193 (1979) (and cases cited).

■ In the present case, the contested evidence was offered to show Farber's intent and willfulness in failing to file for tax year 1974. The evidence was clearly admissible under the first three prerequisites described above, and we cannot agree with appellant's contention that the materials fail to meet the fourth prerequisite in that they were dissimilar in kind and far re-

---

[*] The Honorable Elsijane Trimble Roy, United States District Judge, Eastern and Western Districts of Arkansas, sitting by designation.

[1] The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

[2] Farber's 1974 Form 1040 reported $95.00 in income, as indicated on the Form 1099 from a previous employer. It contained no other financial information relating to income or deductions. On the line requesting information regarding income from sources other than wages, dividends and interest, appellant wrote "object. Fifth Amendment." The 259 page return included such information as the United States Constitution, a copy of the Declaration of Independence, photocopies of newspaper articles, and numerous other items. It was not accepted by the Internal Revenue Service because it lacked sufficient information for a determination of income tax liability.

Appellant subsequently, in 1977 and 1978, filed two Forms 1040X attempting to amend the 1974 return, but these forms again contained numerous references to appellant's fifth amendment rights and were not accepted by the IRS.

moved in time from the crime charged. Although one of the documents (Form 1040 for 1975) was accepted as a return by the IRS, it was nevertheless similar to Farber's 1974 return in containing expressions of Farber's studied dissatisfaction with the income tax system. All of the contested documents were prepared and filed within three and one-half years of the return date for 1974. We have held that subsequent tax paying conduct is relevant to the issue of intent or willfulness in a prior year. *United States v. Luttrell*, 612 F.2d 396 (8th Cir. 1980); *United States v. Bowman*, 602 F.2d 160 (8th Cir. 1979).

■ Appellant next alleges that his failure to file was not willful in that he offered to refile for tax year 1974 if the government granted him immunity from prosecution. We know of no relevant authority for the proposition that a taxpayer's failure to file is not willful when he asserts a willingness to refile contingent upon a grant of immunity.

■ The remaining and closer issues on appeal involve the trial court's jury instructions, which we consider under the plain error rule, Fed.R.Crim.P. 52(b), since appellant failed at trial to comply with the procedural mandates of Fed.R.Crim.P. 30 for objection to the court's instructions.

Appellant contends first that he relied in good faith on the advice of counsel and that the jury should have been instructed on this defense. Farber testified at trial that prior to filing his 1974 return, he consulted attorney William Drexler, whom he had heard speak at a tax protest seminar. Allegedly, it was Mr. Drexler who advised appellant to handle the problem of unascertainable income by filing a 259-page return.

At least one court has recognized in a tax evasion context that reliance on counsel is a defense to prosecution and that a defendant is entitled to an instruction on this defense. *Bursten v. United States*, 395 F.2d 976, 981–82 (5th Cir. 1968); *accord, United States v. Mitchell*, 495 F.2d 285, 288 (4th

Cir. 1974) (prosecution under 26 U.S.C. § 7206 for false tax return). On the other hand, the Fifth Circuit has explained the limited scope of its ruling in *Bursten* by noting that a reliance defense is available where the defendant relied on *"competent tax counsel"* (emphasis in Fifth Circuit opinion) and that the defense may not be available in every case. *United States v. Anderson*, 577 F.2d 258, 260 (5th Cir. 1978), *citing Bursten v. United States, supra.*

■ Here, we are not convinced that appellant attempted to obtain competent legal advice. We note that Farber first became acquainted with Drexler at a tax protest seminar. According to his testimony, an unidentified person sitting next to him in the audience referred to Drexler as an attorney, and Farber thereafter assumed without further inquiry that Drexler was in fact licensed to practice law. Counsel at oral argument informed us that Drexler was disbarred prior to 1974. Nevertheless, when appellant encountered difficulty with his 1974 return, he decided to telephone Drexler in California rather than seek local legal counsel. It is apparent that appellant sought out Drexler because he agreed with Drexler's antitax sentiments, not because he sought competent legal advice. In these circumstances, we decline to find plain error in the trial court's failure to instruct the jury on a reliance defense.

■ Farber's final and somewhat troublesome contention is that the trial court failed in its instructions to recognize his strongest defense, *i. e.*, that he was unable to ascertain his income, that he consequently feared perjuring[3] himself, and that he claimed the fifth amendment on his Form 1040 in good faith. As appellant reminds us, a defendant cannot properly be convicted for an erroneous claim of fifth amendment privilege asserted in good faith, *Garner v. United States*, 424 U.S. 648, 663 and 663 n.18, 96 S.Ct. 1178, 1187, 47 L.Ed.2d 370 (1976); *United States v. Schiff*, 612 F.2d 73, 78 n.6 (2d Cir. 1979); *United States v. Edel-*

---

**3.** Form 1040 requires that the taxpayer declare under penalty of perjury that the return is true, correct and complete to the best of his knowledge and belief.

*son,* 604 F.2d 232, 234–36 (3d Cir. 1979); *United States v. Johnson,* 577 F.2d 1304, 1310–11 (5th Cir. 1978); *Cooley v. United States,* 501 F.2d 1249, 1253 n.4 (9th Cir. 1974), *cert. denied,* 419 U.S. 1123, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975), insofar as an assertion of this constitutional privilege may negate the element of willfulness required for conviction under 26 U.S.C. § 7203.[4] *United States v. Edelson, supra,* 604 F.2d at 235–36.

■ In addressing Farber's contention, we note at the outset that the allegedly objectionable jury instructions set out correct statements of the law. The court instructed that disagreement with the law is not a defense to prosecution under 26 U.S.C. § 7203, *United States v. Pohlman,* 522 F.2d 974, 976 (8th Cir. 1975) (*en banc*), *cert. denied,* 423 U.S. 1049, 96 S.Ct. 776, 46 L.Ed.2d 638 (1976), and that a good faith belief in the unconstitutionality of the tax laws is not a defense.[5] *Hayward v. Day,* 619 F.2d 716, 717 (8th Cir. 1980); *United States v. Ware,* 608 F.2d 400, 405 (10th Cir. 1979).

■ The court further instructed that a finding of *willful* failure to file was required for conviction, defining "willful" in language identical to that suggested in this court's *en banc* opinion in *United States v. Pohlman,* as a "voluntary, intentional violation of a *known* legal duty" (emphasis added). *United States v. Pohlman, supra,* 522 F.2d at 977, *cited with approval* in *United States v. Pomponio,* 429 U.S. 10, 12–13, 97 S.Ct. 22, 23–24, 50 L.Ed.2d 12 (1976). Implicitly, this instruction permitted convic-

tion only if the jury believed that Farber knew of his duty to report income despite the difficulty he had encountered in ascertaining income figures. The jury apparently and with reason did not credit Farber's purported fear of perjury after hearing his cross-examination testimony that he did not attempt to straighten out his checkbook, he did not attempt to obtain records of his bank deposits, he did not attach an affidavit to his Form 1040 explaining his problem, and he did not comply with the IRS's suggestion that he pay half the estimated tax due.

■ We note also that the court's instructions expressly recognized appellant's fifth amendment argument. The jury was correctly informed that "under the fifth amendment . . . a person has a right to refuse to answer a question if his truthful answer to the question would tend to expose him to criminal prosecution." *United States v. Johnson, supra,* 577 F.2d at 1310–1311 (5th Cir. 1978); *United States v. Karsky, supra,* 610 F.2d at 550 and 550 n.5 (8th Cir. 1979).

■ Appellant nevertheless contends that the benefit of this instruction was diluted by the further instruction that the fifth amendment privilege "does not permit a person to completely refuse to disclose on his income tax return any information relating to his income, and filing a 1040 form with a fifth amendment objection to income questions constitutes a failure to file the return." We find that this instruction on failure to file was reasonable where the taxpayer provided the IRS with insufficient

---

4. 26 U.S.C. § 7203 provides in pertinent part: Any person required under this title to pay any estimated tax or tax, or required . . . to make a return . . . who willfully fails to pay such estimated tax or tax, [or] make such return . . . shall . . . be guilty of a misdemeanor.

5. We recognize that a more *limited* assertion of erroneous constitutional belief may be a defense. Specifically, a taxpayer's good faith but mistaken belief that the fifth amendment permits him to refuse to answer inquiries on a tax form may be a defense in a § 7203 prosecution. *Garner v. United States, supra,* 424 U.S. at 663 and 663 n.18, 96 S.Ct. at 1187; *United States v. Schiff, supra,* 612 F.2d at 78 n.6; *United States*

*v. Edelson, supra,* 604 F.2d at 234-36; *United States v. Johnson, supra,* 577 F.2d at 1310–1311; *United States v. Pohlman, supra,* 522 F.2d at 977 n.2; *Cooley v. United States, supra,* 501 F.2d at 1253 n.4.

As the trial court instructed, good faith misunderstanding of the *requirements of the law,* as distinct from disagreement with it, may also be a defense insofar as misunderstanding can negate the element of willfulness required for conviction. 26 U.S.C. § 7203; *United States v. Karsky,* 610 F.2d 548, 550 n.4 (8th Cir. 1979), *cert. denied,* 444 U.S. 1092, 100 S.Ct. 1058, 62 L.Ed.2d 781 (1980); *United States v. Pohlman, supra,* 522 F.2d at 976.

information to calculate tax liability; *see* note 2, *supra*; *United States v. Johnson, supra,* 577 F.2d at 1311; *United States v. Irwin,* 561 F.2d 198, 201 (10th Cir. 1977), *cert. denied,* 434 U.S. 1012, 98 S.Ct. 725, 54 L.Ed.2d 755 (1978); *United States v. Daly,* 481 F.2d 28, 29 (8th Cir.), *cert. denied,* 414 U.S. 1064, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973), and where the instruction on failure to file did not predetermine the separate, hotly contested issue of whether Farber's failure to file was willful. As indicated, the district court instructed accurately on the element of willfulness, giving this matter over to the jury for its consideration.

▮ It is perhaps true that in its jury instructions the court could have more precisely spelled out the relationship between willfulness as an element of the offense and assertion of a fifth amendment defense, with an instruction that willfulness may be negated by a reasonable though erroneous assertion of the fifth amendment in good faith. *See, e. g., United States v. Edelson, supra,* 604 F.2d at 235. However, the court's failure to give such an instruction was not, in our opinion, plain error, and we conclude that a new trial is not necessary to prevent a miscarriage of justice. Fed.R. Crim.P. 52(b); *Tanner v. United States,* 401 F.2d 281 (8th Cir. 1968), *cert. denied,* 393 U.S. 1109, 89 S.Ct. 922, 21 L.Ed.2d 806 (1969); *Cross v. United States,* 347 F.2d 327, 330 (8th Cir. 1965).

For the foregoing reasons, the judgment and sentence of the district court are affirmed.

## ORDER DENYING PETITION FOR REHEARING EN BANC

The petition for rehearing en banc in the above entitled case is denied.

Lay, Chief Judge, joined by Heaney, Circuit Judge, would grant the petition for rehearing en banc for the following reasons:

We respectfully dissent from the denial of the petition for rehearing en banc in the above entitled case.

In *Garner v. United States,* 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976), the Supreme Court stated that a defendant could not properly be convicted under 26 U.S.C. § 7203 for an erroneous claim of fifth amendment privilege asserted in good faith. *Id.* at 663 n. 18, 96 S.Ct. at 1187. An assertion of the fifth amendment privilege may negate the element of willfulness required for conviction under section 7203. *United States v. Edelson,* 604 F.2d 232, 234–36 (3d Cir. 1979). The panel recognized these principles, at and stated that the district court "could have more precisely spelled out the relationship between willfulness as an element of the offense and assertion of a fifth amendment defense . . ." *Id.* at 572–573. The problem with the district court's instructions is not merely imprecision, but is that the district court failed to relate the assertion of fifth amendment privilege to the element of willfulness. Under the instructions given, *see id.* at 573–574, the jury could have convicted the defendant for willful failure to file a return and yet believed that his assertion of fifth amendment privilege was in good faith. *Garner* would not admit such an inconsistent result. 424 U.S. at 663, 96 S.Ct. at 1187. An incorrect statement of the defendant's sole defense given to the jury by the instructions is plain error, requiring a reversal to assure the defendant a fair trial and a chance to present his defense. *Cross v. United States,* 347 F.2d 327, 330 (8th Cir. 1965).

The defense of a "good faith" assertion of fifth amendment privilege should be presented to and rejected by a jury before it convicts a defendant under section 7203, *see Edelson,* 604 F.2d at 236; *United States v. Foster,* No. 76–3733, slip op. at 3 (9th Cir., Dec. 30, 1977), except in one circumstance. The Supreme Court in *United States v. Sullivan,* 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927) held that the fifth amendment does not protect a taxpayer from prosecution for willfully refusing to make any return under the federal income tax laws. *Id.* at 263, 47 S.Ct. at 607. On page eight of its opinion, the panel refers to three circuit court opinions which hold that a claim of fifth amendment privilege is not a defense to a section 7203 prosecution where the defendant's return does not contain any financial information. *United States v. Daly,* 481 F.2d 28, 29 (8th Cir.

1973); *United States v. Johnson*, 577 F.2d 1304, 1311 (5th Cir. 1978); *United States v. Irwin*, 561 F.2d 198, 200 (10th Cir. 1977). The panel's opinion does not hold that the defendant's return contained no financial information. *See Farber*, at 571 n. 2. Rather, the panel stated that "the taxpayer provided the IRS with insufficient information to calculate tax liability." *Id.* at 8. It is unclear whether the panel equated insufficient information with no information and, for that reason, determined that the issue of the good faith of the assertion of fifth amendment privilege need not be placed before the jury. If the panel determined that the financial information on defendant's return was so minimal as to be "tantamount to no filing at all," *United States v. Brown*, 600 F.2d 248, 251 (10th Cir. 1979), the panel should have held that there was no need to place the fifth amendment defense before the jury. In *Brown* the Tenth Circuit held that a tax protestor's return claiming $22.50 income was no return at all. *Id.* at 251–252. In the present case I would hold that a tax protestor's return claiming less than $100 income was no return at all and it was not error for the court to refuse to instruct the jury on the defense of good faith.