**UNITED STATES of America, Appellee,**

v.

**Kenneth D. BARNEY, Appellant.**

No. 81–1989.

United States Court of Appeals,
Eighth Circuit.

Submitted March 12, 1982.

Decided April 1, 1982.

Certiorari Denied June 21, 1982.
See 102 S.Ct. 2972.

---

Kenneth D. Barney, pro se.

John K. Konenkamp, Whiting, Hagg & Konenkamp, Rapid City, S. D., for appellant.

Philip N. Hogen, U. S. Atty., D. South Dakota, Sioux Falls, S. D., Jeffrey L. Viken, Sp. Asst. U. S. Atty., Rapid City, S. D., for appellee.

Before ROSS, Circuit Judge, GIBSON, Senior Circuit Judge, and HENLEY, Circuit Judge.

PER CURIAM.

Kenneth D. Barney appeals his conviction for four counts of willful failure to file income tax returns for the tax years 1975, 1976, 1977, and 1978, in violation of 26 U.S.C. § 7203. Appellant was sentenced to one year on each of Counts III and IV, to run consecutively. He was sentenced to six-month terms of imprisonment on each of Counts I and II to run concurrently, but the execution of the sentences on Counts I and II was suspended. As additional terms of his sentence, after Barney serves the prison terms imposed on Counts III and IV he is to be placed on two years' probation, the terms of which are to include the filing of returns for tax years 1979, 1980, and any other years which come due during the period of probation. Barney was also ordered to pay the costs of his prosecution, which amount to approximately $18,000. We affirm.

For at least thirty years, until 1976, Barney accurately compiled his relevant income information, filed proper federal income tax returns, and paid the tax due. However, for tax year 1975, instead of filing a federal income tax return, Barney mailed to the Internal Revenue Service (IRS) a document which contained no information from which the service could compute a tax. Barney contends that he was prompted to take this course of action by a William Drexler, who Barney believed to be an attorney.

Barney claims that in early 1976 he attended a seminar which he had seen advertised on television. The seminar was to deal with income tax law and the Constitution. William Drexler was one of the speakers at the seminar. Barney contends that he did not know that, at the time, Drexler had been disbarred. Later, Barney attended another seminar in Casper, Wyoming, at which Drexler also spoke.

Barney contends that he approached his income tax responsibilities for 1975 in reliance on the advice given by Drexler and the other speakers at the seminars. Though Barney understood that the document he thereby sent to the IRS contained no information from which the IRS could compute a tax, Barney voluntarily signed the document and submitted it in lieu of a legitimate return.

In August 1976, Barney received a letter from the Director of the IRS Center at Ogden, Utah. The letter informed Barney that he had not submitted a legal return for 1975 and it instructed him on the proper procedure for filing. Barney still did not file a proper return for 1975, nor did he seek advice from a licensed attorney.

In November 1976, Barney was approached by two IRS special agents who identified themselves and told Barney that they were investigating his tax status for 1975. Barney still did not seek competent legal advice.

The agents thereafter issued several IRS civil summonses, pursuant to 26 U.S.C. § 7602, *et seq.*, to various financial institutions and individuals in order to collect income information about Barney's tax year 1975. Barney wrote the banks and many of his former real estate clients demanding that they refuse to comply with the IRS summonses unless they received a court order.

For tax years 1976 and 1977, Barney submitted to the IRS documents very similar to the 1975 document he had been warned about. The accompanying material contained challenges to the legality of federal currency, attacks on the IRS, and denunciations of the federal tax collection system. The documents contained no information from which the IRS could compute a tax for the years in question. Barney neither filed any return nor submitted any documents for the tax year 1978.

On appeal, both Barney *pro se* and appointed counsel have submitted briefs. We have reviewed both in affirming the district court.[1] We find none of Barney's contentions of error to have merit.

Briefly stated, Barney contends that the court erred in (1) denying his motion to suppress the evidence obtained by the IRS through the use of civil summonses, (2) refusing to instruct the jury that willfulness is negated if there is a showing of good-faith reliance on the fifth amendment, (3) refusing to instruct the jury on Barney's claim that he relied in good faith on the advice of counsel and limiting the testimony regarding this issue, and (4) denying Barney's various *pro se* pretrial motions.

■ Barney contends that the IRS did not have the authority to utilize the summons procedure provided for in 26 U.S.C. § 7602 to investigate his tax year 1975.

Under *United States v. La Salle National Bank*, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978), an Internal Revenue Service summons may be issued in aid of an investigation if it is issued in a good-faith pursuit of civil tax determination or collection and prior to a recommendation to the Department of Justice for criminal prosecution. 437 U.S., at 311–18, 98 S.Ct., at 2364–68. We find nothing in the instant case which should have precluded the use of the IRS summonses here. The district court was correct in refusing to suppress the evidence obtained thereby.

■ Barney alleges that the court should have given his proposed jury instruction to the effect that willfulness may be negated by a reasonable and good-faith assertion of the fifth amendment. We find that the omission of the instruction in this case does not constitute reversible error. The court fully instructed the jury on the issue of willfulness. The jury apparently believed that Barney voluntarily and intentionally violated a known legal duty. In addition, Barney's returns for 1975, 1976, and 1977 contained no information from which the IRS could compute a tax. They were the same as no returns at all. Barney submitted nothing to the IRS for tax year 1978. Under the circumstances, Barney's assertion of the fifth amendment could not be deemed "reasonable." It was obvious that Barney fully intended to pay no income tax, leaving to other citizens his share of the admittedly heavy tax burden.

■ Barney next urges reversal on the basis of the court's refusal to instruct the jury on his claim that he relied in good faith on the advice of counsel, namely William Drexler. Drexler had been disbarred long before Barney first heard him speak, although Barney claims that he was not aware of Drexler's true status. We found in *United States v. Farber*, 630 F.2d 569 (8th Cir. 1980), that a reliance defense is available only where the defendant attempts to obtain competent legal counsel. 630 F.2d, at 572. In this case, there is no

---

1. The Honorable Donald J. Porter, United States District Judge, District of South Dakota.

evidence that Barney ever personally met with Drexler, nor was Drexler a competent tax counsel. We see no evidence that Barney attempted in good faith to seek competent legal advice from any attorney. The court did not err in refusing to give Barney's proposed instruction on this issue.

Lastly, Barney contends in his *pro se* brief that the court erred in denying several of his pretrial motions. We have reviewed the district court's rulings on these matters and find Barney's challenges to them to be frivolous.

For the foregoing reasons, the judgment below is affirmed.