UNITED STATES of America, Appellee,

v.

Glenn Harrod UPTON, Appellant.

No. 85–2295.

United States Court of Appeals,
Eighth Circuit.

Submitted July 17, 1986.

Decided Aug. 27, 1986.

Rehearing and Rehearing En Banc Denied
Oct. 1, 1986.

Glenn Harrod Upton, Leavenworth, Kan., for appellant.

Guy Cook, Des Moines, Iowa, for appellee.

Before HEANEY, WOLLMAN, and MA-GILL, Circuit Judges.

PER CURIAM.

Glenn H. Upton appeals from a final judgment entered in the district court[*] upon a jury verdict finding him guilty of two counts of willfully failing to file income tax returns for the years 1980 and 1981 in violation of 26 U.S.C. § 7203. The court sentenced Upton to a one-year term of imprisonment on the first count, suspended execution of a one-year sentence on the second count, and placed Upton on probation for three years following completion of his term of imprisonment on the condition that he obey all local, state and federal laws, including those requiring the timely filing of valid tax returns.

During 1980 and 1981, Upton was employed by the Burlington Northern Railroad and received gross income in excess of $36,000 and $38,000, respectively. In November of 1982, representatives of the Internal Revenue Service (IRS) visited Upton's home, informed him that a criminal investigation was proceeding, and read Upton his *Miranda* rights. The following month, Upton submitted Forms 1040 for the years in question in which he indicated in each blank space a specific objection grounded in the fifth amendment privilege against self-incrimination. Additionally, on each form Upton stated, "I do not understand this return nor the laws that may apply to me. Signature is involuntarily given under threat of statutory punishment" and "I, Glenn H. Upton, do have a grievance with the IRS ... I would go so far as to admit that if the IRS would prosecute me it may be the first thing they have done right in service to me."

Upton was subsequently charged with willful failure to file a tax return pursuant to 26 U.S.C. § 7203. Prior to trial, the court determined that the Forms 1040 submitted by Upton were not valid returns within the meaning of the law because they did not contain sufficient information to enable the IRS to calculate Upton's tax liability. The court's instructions to the jury expressly reflected the court's determination on this issue.

On appeal, Upton's appointed attorney filed an *Anders* brief and was allowed to withdraw. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In the brief, counsel raises three arguments in support of Upton's appeal: 1) that the district court erred in finding that the forms submitted by Upton were not legally valid returns; 2) that the government failed to establish that Upton's failure to file tax returns was willful; and 3) that the district court's jury instruction on willfulness was, therefore, improper. Each of these contentions lacks merit.

█ In *United States v. Grabinski,* 727 F.2d 681, 683 (8th Cir.1984), this court upheld the conviction of a defendant who filed a Form 1040 containing objections based on the fourth and fifth amendments and only bottom-line assertions as to the amount of his taxable income. The court applied the "sufficient financial circumstances" test to determine the validity of the tax return for section 7203 purposes. *Id.* at 686–87. The same test was articulated and applied by the district court in the instant case. *Grabinski* involved an even more complete form than those submitted by Upton. Accordingly, we conclude that the district court did not err in holding that the forms were not legally valid tax forms.

█ The willfulness of Upton's failure to file tax returns is equally clear. Between 1972 and 1979, inclusive, Upton's reported tax liability was recalculated by the IRS after audits of Upton's finances, resulting in a 9% to 2000% increase in his liability. Upon has not filed tax returns for any of the years since 1981. Moreover, the record indicates that on several occasions Upton has sent tax protestor materials to the IRS. Evidence of Upton's questionable compliance with tax laws, both in the years prior to and subsequent to 1980–81, is probative of willfulness in the present context. *See, e.g., United States v. Richards,* 723 F.2d

646, 648–49 (8th Cir.1984); *United States v. Francisco*, 614 F.2d 617, 618 (8th Cir.), *cert. denied*, 446 U.S. 922, 100 S.Ct. 1861, 64 L.Ed.2d 278 (1980). The submission of tax protest literature to the IRS is also probative of willfulness. *See United States v. Farber*, 630 F.2d 569, 571–72 (8th Cir.1980), *cert. denied*, 449 U.S. 1127, 101 S.Ct. 946, 67 L.Ed.2d 114 (1981).

Finally, we conclude that the district court properly exercised its discretion in the formulation of the jury instruction regarding the element of willfulness. The challenged instruction is essentially an accurate statement of the law concerning that issue. *See, e.g., United States v. Farber*, 630 F.2d at 572–74; *United States v. Parshall*, 757 F.2d 211, 214–15 (8th Cir. 1985).

The judgment of conviction is affirmed.