896 F.2d 1368
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Clarence COX, Jr., Defendant-Appellee.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clarence COX, Jr., Defendant-Appellant.
 Nos. 88-5184, 88-5191.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 3, 1989.
Decided: Feb. 9, 1990.
 
 Harry L. Hobgood, Assistant United States Attorney (Robert H. Edmunds, Jr., United States Attorney, on brief), for appellant.
 David Ferris Tamer, for appellee.
 Before ERVIN, Chief Judge, BUTZNER, Senior Circuit Judge, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Clarence Cox stands convicted of three offenses stemming from his involvement with a cocaine dealer, Alfred Barnhill, in Winston-Salem, North Carolina. A jury found Cox guilty of conspiring to possess cocaine with the intent to distribute in violation of 21 U.S.C. Sec. 846, of distributing cocaine in violation of 21 U.S.C. Sec. 841(a)(1), and of selling a firearm to a felon in violation of 18 U.S.C. Sec. 922(d)(1). The government appeals the district court's decision not to sentence Cox under the Federal Sentencing Guidelines for the conspiracy charge. Cox cross-appeals, challenging the sufficiency of the evidence for the firearm conviction and the district court's denial of two jury instructions he requested. We find no merit in Cox's appeal, but we conclude that the guidelines do apply to the conspiracy charge and remand the case for new sentencing.
 
 
 2
 * Cox served as an investigator with the Winston-Salem Alcoholic Beverage Control Law Enforcement Division when he arrested Alfred Barnhill on state drug charges in June 1987. Barnhill actively trafficked cocaine in the Winston-Salem area at the time of his arrest and throughout the period of his contact with Cox. Testimony given at Cox's trial establishes that Cox and Barnhill entered an arrangement some time after the arrest under which Cox agreed to give Barnhill information about the activities of local law enforcement officials in exchange for money. Barnhill testified that he paid Cox between $20,000 and $30,000 from August 1987 through late January 1988 and that Cox provided him with useful information about law enforcement activity. On at least one occasion Barnhill eluded the police because of Cox's efforts. The two purchased cellular phones in February 1988 and placed hundreds of calls to one another until Barnhill was arrested on March 7, 1988. The phones facilitated the flow of information between the men. Barnhill also gave Cox $4,000 in January 1988 over and above his regular payments. Cox characterized the money as a loan but he never repaid it.
 
 
 3
 Cox and Barnhill performed a variety of services for one another in addition to their money-for-information arrangement. Cox sold Barnhill a pistol after Barnhill told him one was needed for his drug dealings. Barnhill sold 94 grams of cocaine given to him by Cox in August 1987, and the two split the proceeds from the sale. Cox had obtained the drugs from a prior arrest of another cocaine dealer. Cox also actively intervened to prevent Barnhill from being arrested on two occasions, the second of these taking place on March 6, 1988.
 
 II
 
 4
 At the sentencing hearing following Cox's trial, the district court concluded that the Federal Sentencing Guidelines did not apply to the conspiracy for which Cox was found guilty. The court recognized that the guidelines would not apply to a conspiracy completed before November 1987, the effective date of the guidelines under the Sentencing Reform Act of 1984, and concluded for the purposes of sentencing that the conspiracy had ended before November. The court found that Cox had committed no acts to further the conspiracy after November and deemed the conspiracy "not a guidelines case." It sentenced Cox to a much shorter term in prison than the guidelines would otherwise dictate.
 
 
 5
 The district court correctly ascertained, at least implicitly, that the guidelines do apply to conspiracies and other continuing offenses which were begun before November 1987 but completed afterwards. United States v. White, 869 F.2d 822, 826 (5th Cir.1989). The government's appeal questions the court's factual finding that the conspiracy ended before November. Our review of that finding is governed by 18 U.S.C. Sec. 3742(e), which directs us to "accept the findings of fact of the district court unless they are clearly erroneous."
 
 
 6
 There was clear evidence that the conspiracy extended beyond the effective date of the guidelines. Testimony reveals that Barnhill paid Cox regularly at least until the end of January, well past November 1987. Barnhill also "loaned" Cox $4,000 in January. These payments comprise one of the overt acts listed under the conspiracy charge in Cox's indictment. Cox also prevented Barnhill's arrest on March 6, 1988. This too was an overt act listed in the indictment. The purchase of cellular phones by the two and the record of hundreds of calls placed to each other in February and March serve to buttress our conclusion that the conspiracy remained intact into the first part of 1988. On remand, the district court should determine the amount of cocaine involved in the conspiracy and sentence accordingly under the guidelines. The court should make specific findings about whether Cox was involved with the drugs seized from Barnhill's residence on March 7, 1988.
 
 III
 
 7
 Cox raises two issues on appeal which we will address summarily. First, he argues that the district court erroneously denied his motion to acquit because there was insufficient evidence to sustain his conviction for selling a firearm to a felon. The statute proscribing the offense, 18 U.S.C. Sec. 922(d)(1), makes it unlawful to sell a firearm while "knowing or having reasonable cause to believe" that the purchaser is a convicted felon. Although Cox admits to selling Barnhill a pistol, he claims there is not enough evidence to show that he knew or should have known at the time of sale that Barnhill was a felon.
 
 
 8
 Under Federal Rule of Criminal Procedure 29, which establishes the standard for granting motions to acquit, we should sustain Cox's conviction "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). The record provides ample indication that Cox knew or should have known of Barnhill's prior convictions when he sold him the pistol. Notably, one of Cox's supervisors testified that on one occasion Cox openly admitted knowing Barnhill was a felon at the time of sale. We affirm the district court's denial of the motion to acquit.
 
 
 9
 Second, Cox argues that the district court's denial of two proposed jury instructions was error. The instructions addressed a good faith defense to the conspiracy charge proffered by Cox at trial. We conclude that the instructions given by the judge were more than adequate to allow consideration of any defenses presented and argued by Cox. Cf. United States v. Mitchell, 495 F.2d 285, 287-88 (4th Cir.1974). Cox has failed to show us any error in the district court's choice of instructions or prejudice to his defense arising from them.
 
 
 10
 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.