**UNITED STATES of America, Appellee,**

**v.**

**Joseph V. McKEE, Appellant.**

**No. 90-1693.**

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1991.

Decided Aug. 9, 1991.

Carol Marcotte, argued (Rodolfo Rivera, on brief), Clayton, Mo., for appellant.

Steven Muchnick, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and BEAM, Circuit Judge.

BEAM, Circuit Judge.

Joseph V. McKee appeals from his conviction on three counts of attempting to evade or defeat the federal income tax in the tax years 1981, 1982, and 1983, in violation of 26 U.S.C. § 7201 (1988). The district court sentenced McKee to prison for five months followed by three years of probation, and fined him $6,000 plus the costs of prosecution. On appeal, he argues that the district court abused its discretion by improperly answering a jury question asked during deliberation, and by admitting evidence of McKee's taxpaying activities in years other than those charged. We affirm.

To convict McKee of violating section 7201, the government had to prove the existence of a tax deficiency, an affirmative act of evasion or attempted evasion, and that the act was willful. *Sansone v. United States*, 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965); *United States v. Frederickson*, 846 F.2d 517, 520 (8th Cir.1988); *United States v. Felak*, 831 F.2d 794, 798 (8th Cir.1987). Each count of the indictment alleges, by year, a separate violation of section 7201. The indictment (which was read to the jury as part of the court's instructions) also alleges, in each count, instances of conduct by which McKee violated section 7201. In count 1, for instance, the indictment charges that McKee attempted to evade and defeat the income tax "in the following respects:" e.g., by failing to file a tax return or pay income tax due by April 15, 1982; by filing a false withholding form (W–4); and by submitting various documents containing false social security numbers. Thus, the district court instructed the jury, "Various schemes, subterfuges, and devices may be resorted to in an attempt to evade or defeat a tax. The indictment alleges failing to make an income tax return on or before the date required by law, filing a false Form W–4, and using false Social Security Numbers." Instruction No. 19, reprinted in Appellant's App. at 93.

█ In this context, the district court gave the supplemental instruction to which McKee objects. The jury asked: "Do all items in a Count (Count 1, Count 2, or Count 3) have to be completely agreed upon to reach a verdict, or may specific items be excluded?" Trial Transcript vol. 4, at 87; Exhibit 4. The court received the jury's question around seven o'clock on Friday night, and, after talking to counsel, took it under advisement until Monday morning. Because the court was not certain what the jury meant in its question by "items," it asked the jury foreperson if she could state the question differently. She responded:

[L]ike in Count 1, there are, I believe, seven items. And we have a questionable doubt as to willfully mischarging with that one. Like if one specific item out of those included in a count—if we have a problem with that, does that have to change our ruling on the whole—our verdict, in other words?

Trial Transcript vol. 5, at 8. The district court then understood that by "items" the jury meant those instances of conduct alleged in each count of the indictment. In other words, the jury asked whether it must find that McKee was guilty of each alleged instance to find him guilty of attempting to evade or defeat the tax.

The district court answered the jury by first pointing out that the jury must consider all the instructions, including the one defining "willful" and the one setting forth the burden of proof. *Id.* at 9. The court also mentioned the instructions setting forth the essential elements the jury must find to convict, and told the jury, "You can't cast out any one of the elements. You've got to find them all to return a

verdict of guilt or otherwise you acquit." *Id.* The court continued as follows:

Now—and I think from what you said, I may understand your question. Let's go deer hunting. I'll try to give you an illustration. Let's say we have a charge of taking too many deer in Denton County. And I'll use the county because it varies in different counties. Maybe you could take one doe in Denton County, and with a firearm. Because the rules may be different between firearms and bow and arrow. Okay? And in this county the limit, let's say, is one doe. Now, let's [say] there's evidence that three does were taken by firearm in that county. Some of you may believe that two were taken and some could believe that three were taken. And if that were the case—if you had found the proper county and found the firearm and found in excess of one doe was taken, the Court believes a verdict of guilt[y] would be appropriate. If you didn't—if somebody said, well, I just believe one—, you couldn't get an unanimous verdict then, on exceeding the number. But you wouldn't have to find three. You'd have to find at least two. I hope that's somewhat helpful.

*Id.* at 10.[1] McKee argues that this answer was "clearly misleading and confusing to the jury," that it "emphasized the case for the prosecution without giving equal emphasis or importance to the defenses available to" McKee, and that it "created the impression that if the jury were going to find [McKee] guilty of one Count, they would have to find him guilty" of all counts. Brief for Appellant at 7, 9, 10.

" 'The response to a jury request for supplemental instructions is a matter within the sound discretion of the district court.' " *United States v. Skarda,* 845 F.2d 1508, 1512 (8th Cir.1988) (quoting *United States v. White,* 794 F.2d 367, 370 (8th Cir.1986)). The district court does not abuse its discretion when its answer is "accurate, clear, neutral, and non-prejudicial." *Id.* While each of us might have answered

the jury's question differently (differently not only from the district court's answer, but also from each other's), we think that the district court's supplemental instruction in this case was accurate, clear, neutral, and non-prejudicial.

In essence, the jury asked whether they must find McKee guilty of each instance alleged in each count of the indictment. The district court answered no, and illustrated its answer with the hunting analogy. If a statute required that a hunter could not take more than one deer, a jury could convict him so long as it unanimously found that he took more than one, regardless of how many more than one they could agree upon. Similarly, the jury could convict McKee of violating section 7201 so long as it found the essential elements of the offense as provided in the instructions (specifically referred to by the district court), regardless of whether it found that McKee was guilty of each instance of conduct alleged in the indictment. This is an accurate statement of the law. *See Spies v. United States,* 317 U.S. 492, 499–500, 63 S.Ct. 364, 368–369, 87 L.Ed. 418 (1943); *Felak,* 831 F.2d at 798 (because "tax evasion may be established in a variety of ways," approved answer, to question whether overstating allowances on withholding statement was illegal, that false withholding "was merely one of several possible methods of tax evasion alleged in the indictment").

Beyond his mere assertion that the deer example was confusing, McKee argues that it was misleading because it may have suggested that the jury must find McKee guilty of all counts if it found him guilty of one. The district court, however, referred the jury to all the instructions, including number 16, which provides, in part, that "[t]he fact that you may find the accused guilty or not guilty as to one of the offenses charged in the indictment should not control your verdict as to any other count." Instruction No. 16, reprinted in Appellant's App. at 85. Thus, to the extent

---

1. The district court continued with a short story to illustrate that it hoped it did not answer a question the jury did not ask. McKee does not seem to object to this part of the court's supplemental instruction, and we would find no error in any case.

**480**

that McKee asserts an entitlement to have the district court reiterate certain instructions, we have already rejected his argument. *Skarda,* 845 F.2d at 1512. *See also United States v. Piatt,* 679 F.2d 1228, 1231 (8th Cir.1982) ("When the jury makes specific requests for reinstruction on certain issues, the district court is justified in limiting its reinstruction to the issues requested."). It is enough that the district court referred the jury to the entire original charge. *See id.* We find no abuse of discretion in the district court's supplemental instruction.

McKee also argues that the district court abused its discretion in admitting testimony from several witnesses about the IRS audit of his 1979 tax return, and his filing in 1985 of a W-4 form claiming complete exemption from withholding. McKee argues that this evidence is irrelevant to the issues of intent or absence of mistake under Fed.R.Evid. 404(b). Our cases, however, hold otherwise. *See United States v. Upton,* 799 F.2d 432, 433 (8th Cir.1986) ("Evidence of [taxpayer's] questionable compliance with tax laws, both in the years prior to and subsequent to [the years in which tax crimes were charged], is probative of willfulness."); *United States v. Richards,* 723 F.2d 646, 648–49 (8th Cir. 1983) (upholding admissibility of evidence of taxpayer's failure to claim exemptions in 1983 in case charging failure to file in 1979, 1980, and 1981); *United States v. Farber,* 630 F.2d 569, 571–72 (8th Cir.1980) (evidence of tax materials for years subsequent to 1974 admissible in case charging failure to file return for 1974), *cert. denied,* 449 U.S. 1127, 101 S.Ct. 946, 67 L.Ed.2d 114 (1981); *United States v. Luttrell,* 612 F.2d 396, 397 (8th Cir.1980) (per curiam) (evidence of failure to file timely returns in 1971, 1972, 1976, 1977, and 1978 admissible in case charging failure to file returns in 1974 and 1975). The district court clearly did not abuse its discretion.

The judgment of the district court is affirmed.