Frederick Douglas **LUEDERS**, Appellant,

v.

**Lou V. BREWER, Warden, Iowa State Penitentiary, Fort Madison, Iowa, Appellee.**

No. 2–56613.

Supreme Court of Iowa.

May 22, 1974.

Carl A. Saunders, Fort Madison, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., Des Moines and James P. Hoffman, County Atty., David E. Linquist, Deputy County Atty., Keokuk, for appellee.

Heard by MOORE, C. J., and LeGRAND, REES, UHLENHOPP and McCORMICK, JJ.

REES, Justice.

This appeal is from the order and ruling of the trial court denying the plaintiff postconviction relief and dismissing his petition therefor. We are unable to perceive merit in the issues stated for review by plaintiff, and affirm trial court.

Plaintiff was charged by county attorney's information in Scott County with the crime of robbery with aggravation in violation of § 711.2, The Code. On April 18, 1967 plaintiff pleaded guilty to the included offense of robbery without aggravation, and was sentenced to be confined in the Men's Reformatory, Anamosa, for a term not to exceed ten years.

On August 20, 1970 the plaintiff was ordered transferred from the reformatory at Anamosa to the penitentiary at Fort Madison by the warden and program coordinator of the men's reformatory. On August 24, 1970 his transfer was approved by the Bureau of Adult Corrections Services, and he was thereupon transferred to the custody of the warden at the Fort Madison institution. The transfer was accomplished in conformity with §§ 246.12 and 246.13, The Code.

Section 246.12, The Code, provides:

*"Transfers from penitentiary.* The state director may transfer first term and promising prisoners from penitentiary to unoccupied rooms in the men's reformatory whenever the number of inmates in the penitentiary exceeds the number of cells therein. He may also transfer to the men's reformatory other prisoners when satisfied that such transfer will be to the best interest of the institutions and of the prisoners."

Section 246.13, The Code, provides:

*"Permissive transfers.* The state director may transfer prisoners from the men's reformatory to the penitentiary:

"1. When the prisoner has been guilty of insubordination or of repeated violations of the rules of the reformatory.

"2. When the prisoner is not a hopeful subject for reformatory treatment."

After his transfer to the penitentiary at Fort Madison, plaintiff on January 5, 1971 was assigned to the University Hospital at Iowa City for medical treatment, and on the evening of that date he escaped from the hospital. He was later apprehended and returned to the Fort Madison institution on January 13, 1971. Plaintiff was then charged with the crime of escape in violation of § 745.1 of the 1971 Code, pleaded guilty thereto and was sentenced to serve a term of three years to commence at the expiration of any sentence he was then serving. At the trial of the within matter, it was stipulated that the prior term of the plaintiff for robbery expired on January 21, 1973.

I. In support of his contention that he could have been tried for the crime of escape only in Jones or Johnson Counties, plaintiff relies on § 745.4, The Code, which provides:

*"Jurisdiction.* The jurisdiction of an indictment for the crime of escape as defined in sections 745.1 to 745.3, inclusive, is in the county in which is located the penitentiary or reformatory to which the person charged with such escape has been committed, or in the county in which is located the building, camp, farm, garden, city, town, road, street, or any place in which he is placed or to which he is directed to go or in which he is allowed to be by the warden or any officer or employee of the prison wherefrom he is charged with escaping."

It is obvious the petitioner failed to raise the issue of the jurisdiction of the Lee County District Court to convict him on his plea of guilty to the crime of escape at the time of his conviction even thought the issue was obvious at said time. At the postconviction hearing petitioner indicated he had never questioned the legality of his conviction at any time prior to the postconviction proceedings.

Section 663A.8, The Code, 1973, provides:

"All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not raised, or knowing-

ly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the appellant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application."

The State suggests that the petitioner, by not raising the question prior to the time he was convicted and sentenced, has now waived the right to challenge Lee County as the correct place for trial. Lamb v. Davis, 244 Iowa 231, 236, 56 N.W.2d 481, 483 (objections to venue are waived if not entered prior to trial). Certainly there can be no difference between a "trial" and proceedings incident to the entry of a plea of guilty, insofar as waiver of venue is concerned. Since the date of these proceedings, the principle of waiver of venue has been embodied in § 753.2, The Code, 1973, by amendment.

Countering the above contention on the part of the State, it is petitioner's claim that the question which is presented here is a case of subject matter jurisdiction, to which the right to object can never be waived.

■ It is obvious to us that § 745.4 (set forth above), while referring to *jurisdiction,* is intended and designed to fix venue, and that it was the intent of the legislature by enacting the statute to so fix the *venue* of proceedings in which a defendant is charged with the crime of escape, as defined in §§ 745.1 to 745.3, inclusive, of the codified law. Jurisdiction refers to the power of the court to decide issues on the merits, while venue refers to the place where the cause sued upon should be tried. State v. Wardenburg, 261 Iowa 1395, 1400, 158 N.W.2d 147, 150.

While we might be disposed to hold the petitioner waived all objections to place of trial by not having objected thereto prior to the entry of his plea of guilty and subsequent sentence, we deem the question presented here to be significant and proceed to a discussion of the merits.

■ II. At the time of imposition of sentence, the plaintiff was ordered *committed* to the reformatory at Anamosa. The record indicates that subsequent to his incarceration in the reformatory at Anamosa, he was ordered by the proper authorities to be transferred to the penitentiary at Fort Madison.

Petitioner argues that since §§ 246.12 and 246.13, *supra,* provide for a "transfer" and not a "commitment", that jurisdiction over the crime of escape remains in the county in which is situated the institution to which he was originally committed. Certainly the legislature which unquestionably has the power to designate the place of punishment or incarceration on original commitment likewise has the power to delegate to administrative authority the power to change the place of punishment or incarceration by transfer from one institution to another *as it sees fit.*

We hold that the fact petitioner had originally been committed to the Anamosa reformatory does not control here. Upon his transfer to the penitentiary at Fort Madison, he was under the authority and control of the warden and the other officers and employees of the Fort Madison penitentiary. The fact the statute employs the word "transfer" instead of "commit" cannot be interpreted to mean the court in Lee County had no jurisdiction over the petitioner.

Petitioner admits that if he had escaped from the Fort Madison penitentiary itself, he could be tried in Lee County. He was not "transferred" to the University Hospital in Iowa City, but was permitted to go there to seek medical help.

We conclude therefore petitioner was, in effect, on his transfer from the reformatory at Anamosa to the Fort Madison penitentiary, "sentenced" to the Fort Madison penitentiary, and that his confinement

therein was legal in all particulars. Escape from the University Hospital, where he had been "permitted" to go by the penitentiary officials, was an escape from the custody of the warden of the penitentiary at Fort Madison. See Mellot v. State, 219 Ind. 646, 40 N.E.2d 655 (1942).

The trial court was correct in denying postconviction relief, and we affirm.

Affirmed.