STATE of Iowa, Appellee,

v.

Francis J. TAYLOR, Jr., Appellant.

No. 91–865.

Supreme Court of Iowa.

Sept. 23, 1992.

Rehearing Denied Oct. 23, 1992.

Scott McLarty, Athens, Georgia, and Timothy McCarthy II of Cook, Gotsdiner, McEnroe & McCarthy, Des Moines, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas G. Fisher, Jr. and Kevin Struve, Asst. Attys. Gen., and John P. Sarcone, Co. Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, NEUMAN, and ANDREASEN, JJ.

LARSON, Justice.

Francis J. Taylor, Jr. was convicted of willful failure to file Iowa income tax returns for 1985 and 1986, a first-degree fraudulent practice under Iowa Code sections 422.25(5), 714.8(10), and 714.9 (1989). He has appealed, claiming that the court erred in (1) refusing to dismiss the prosecution on venue and jurisdiction grounds, (2) allowing evidence of prior tax filing violations, and (3) imposing sentence. While we find no grounds on which to reverse the conviction, we vacate the judgment and remand for resentencing.

Taylor has been employed as an airline pilot since 1966. From 1966 until 1969, he was based in Minneapolis, Minnesota, although his family lived in Dubuque, Iowa. From 1969 until 1976, Taylor and his family lived in Seattle, Washington, where Taylor was based. In 1976, Taylor bought a farm in Clayton County, and he and his family moved there. Taylor was still based in Minneapolis at that time and maintained a residence there, as well as in Iowa.

Following an audit in 1981 by the Internal Revenue Service, Taylor ceased filing his income tax returns. He became involved with "tax protester" groups, who believed that certain citizens, including Taylor, were not required to file income tax returns.

In 1984, Taylor filed for bankruptcy, and his farmland was placed in receivership. At that time, he bought a house in Edgewood, Iowa, in Clayton County. After 1984, Taylor surrendered his Iowa driver's license, his social security card, and his Iowa voter's registration card. He continued to be based in Minneapolis, but he maintained his residence in Clayton County. From 1984 to 1991, Taylor lived in several states, and in 1991, he purchased a residence in Texas. At various times, he has retained residences in Florida, Iowa, Minnesota, and Texas.

## I. *Venue and Jurisdiction.*

■ Under Iowa Code section 422.25(9), [t]he jurisdiction of any offense as defined in this section is in the county of the residence of the person so charged, unless such person be a nonresident of this state or the person's residence in this state is not established, in either of which events jurisdiction of such offense is in the county of the seat of government of the state of Iowa.

These parties agree that the residence of a taxpayer that determines "jurisdiction" under section 422.25(9) is the residence at the time of the filing of the criminal charges, not at the time of the alleged income tax violation. In this case, the charges were filed on May 2, 1989. The State contends that, as of that date, Taylor was a nonresident of Iowa, and the charges were properly brought in Polk County under section 422.25(9). Taylor argues that the State's evidence at trial was that he was a resident of Clayton County in 1985 and 1986, when the violations occurred. He argues that the State did not introduce evidence of Taylor's intervening state of *non*residency occurring between 1986 and 1989, when the charges were filed, in order to allow trial in Polk County under section 422.25(9).

Whatever merit there might be in this argument, the State argues, it was waived because it was not raised in the district court. The threshold question therefore is whether the "jurisdiction" mentioned in section 422.25(9) is subject matter jurisdiction, which cannot be waived, or venue, which can. We have said that "jurisdiction refers to the power of the court to decide issues on the merits, while venue refers to the place where the cause sued upon should be tried." *Lueders v. Brewer*, 218 N.W.2d 638, 640 (Iowa 1974). *See generally Board of Directors v. Banke*, 474 N.W.2d 558, 561–62 (Iowa 1991).

Iowa Code section 422.25(5) makes failure to file or pay income tax a fraudulent practice. Fraudulent practices involving over $5000, as charged here, are class "C" felonies under Iowa Code section 714.9. Subject matter jurisdiction of criminal

cases, of course, is in the district court irrespective of section 422.25(9). "Jurisdiction," as used in that section, refers only to where the prosecution is to be held: in the county of residence, or in Polk County.

The term "jurisdiction" has been held in other contexts to refer to venue, not subject matter jurisdiction. For example, a statute providing that "[t]he jurisdiction of an indictment for the crime of escape ... is in the county in which is located the penitentiary or reformatory to which the person charged with escape has been committed" refers to venue, not subject matter jurisdiction. *Lueders*, 218 N.W.2d at 640 ("It is obvious to us that [this statute], while referring to *jurisdiction*, is intended and designed to fix *venue*....."). Federal courts interpret the "jurisdiction" language of the Jones Act, 46 U.S.C. § 688, in the same manner. *See, e.g., DeMateos v. Texaco, Inc.*, 562 F.2d 895, 899 (3d Cir.1977) (Although § 688 uses the term "jurisdiction," it has been construed to be a venue statute.). We believe that the "jurisdiction" in section 422.25(9) refers to venue, not subject matter jurisdiction.

■ The State argues that Taylor has waived any objections to venue by failing to raise the issue before trial. Taylor responds that he raised it in the district court in his pretrial motion to dismiss and motion for change of venue, but we do not agree. Taylor's motion to dismiss alleged only that the criminal charges were filed by an unauthorized prosecutor; and his motion for change of venue attacked venue in Polk County only on the ground that no criminal act had occurred in Polk County, except "a form or two failing to land on some bureaucrat's desk."

We agree with the State that any objection to venue was waived by Taylor's failure to raise it in the district court.

## II. *Evidence of Prior Filing Violations.*

■ The State introduced evidence that Taylor had failed to file income tax returns for several years prior to 1985. Taylor complains that this violates Iowa Rule of Evidence 404(b), which provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The State argues that, in a prosecution for willful failure to file, evidence of earlier violations is admissible to show willfulness, which requires "proof of a voluntary and intentional violation of a known duty," *State v. Osborn*, 368 N.W.2d 68, 70 (Iowa 1985), and other violations tend to show intent, knowledge, and an absence of mistake.

Cases applying the federal counterpart to our rule 404(b) have held such evidence to be admissible. *See, e.g., United States v. McKee*, 942 F.2d 477, 480 (8th Cir.1991) (admissible on issues of intent and absence of mistake); *United States v. Bergman*, 813 F.2d 1027, 1029 (9th Cir.1987) (evidence of falsity in other tax forms filed by defendant admissible to show willfulness); *United States v. Upton*, 799 F.2d 432, 433 (8th Cir.1986) ("[D]efendant's questionable compliance with tax laws, both in the years prior to and subsequent to [the tax year in question] is probative of willfulness in the present context.").

■ A trial court has considerable discretion in these cases, both on the initial question of probativeness and on the question of whether the probative value is outweighed by prejudice to the defendant. *See* Iowa R.Evid. 403; *State v. Munz*, 355 N.W.2d 576, 580 (Iowa 1984). We find no abuse of discretion here.

## III. *The Sentencing.*

Taylor raises several issues regarding the sentencing. He claims that the trial court failed to state adequate reasons for the sentence imposed, that the court considered improper matters in imposing sentence, that the court abused its discretion in ordering imprisonment rather than pro-

bation, and that the court erred in applying the amount of surcharge.

■ While the court's statement of reasons for the sentence, "the nature of the offense," is only a minimal compliance with rule of criminal procedure 22(3)(d), we believe it was adequate. In *State v. Victor*, 310 N.W.2d 201, 205 (Iowa 1981), we held it sufficient for the sentencing court to state as its reasons "the nature and seriousness of the offense," and the reasons stated in the present case are similar.

■ While the presentence investigation report recommended probation, we have held that it is not an abuse of discretion to refuse to grant probation even in the face of such recommendations. *State v. Beyer*, 258 N.W.2d 353, 359 (Iowa 1977).

We hold that the trial court did not abuse its discretion in ordering incarceration of the defendant as an appropriate sentencing option, nor did it consider any improper matters. The sentence imposed was within the parameters provided by statute, and the circumstances of this case do not compel deviation from the permitted options.

■ We agree that there was no statutory authority for imposing a thirty percent surcharge against the defendant under Iowa Code section 911.2 as it existed at the time of the sentencing, and the State agrees. The court's computation of the surcharge apparently was made under the statute as it was amended following sentencing. Accordingly, we vacate the judgment and remand for resentencing. As part of the resentencing, the court shall compute the surcharge under section 911.2 as it existed at the time of sentencing. In all other respects, the conviction is affirmed.

JUDGMENT VACATED; REMANDED FOR RESENTENCING.