# IN THE COURT OF APPEALS OF IOWA

No. 15-0273
Filed August 19, 2015

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JENNIFER BARBARA CARTER,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Wright County, Paul B. Ahlers, District Associate Judge.

A defendant appeals the sentence entered following her plea of guilty to operating while intoxicated, second offense. **AFFIRMED.**

Sarah A. Reindl of Reindl Law Firm, Mason City, for appellant.

Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney General, Eric Simonson, County Attorney, and Jonathan M. Murphy, Assistant County Attorney, for appellee.

Considered by Doyle, P.J., and Mullins and Bower, JJ.

**DOYLE, P.J.**

Jennifer Carter appeals her sentence following her plea of guilty to operating while intoxicated, second offense, an aggravated misdemeanor, in violation of Iowa Code section 321J.2 (2013).[1] Carter asserts the district court abused its discretion when it imposed a sentence of two years in prison, the maximum sentence for the offense.

The presentence investigation report recommended probation and substance-abuse evaluation and treatment. At the sentencing hearing, the State recommended "two years' prison" because Carter "was discharged [from substance abuse treatment] unsuccessfully . . . due to not being in services for [thirty] days" and stated "incarceration would be best for [Carter for] rehabilitation purposes." Carter requested "270 days with all but between 21 and 30 suspended, probation to the Department of Corrections for 2 years, follow through with substance abuse treatment, and a fine." After hearing testimony and arguments, the district court stated:

> The goals of sentencing, Ms. Carter, are to provide for your rehabilitation and the protection of the community. To the extent these details have been made known to me, I have taken into account your age, your employment history and current obligations in the home, your family circumstances and obligations, the nature of the offense and facts and circumstances surrounding it, your substance abuse situation and circumstances surrounding the recommendations for treatment, your prior criminal history, and the recommendations of the parties. Ms. Carter, you mentioned there being an epiphany for you. There have been many opportunities for you to have an epiphany. I'm looking at theft, theft, theft, theft,

---

[1] Carter was originally charged with operating while intoxicated (OWI), third offense, a class "D" felony, in violation of Iowa Code sections 321J.2(1) and 321J.2(2)(c). She had been previously convicted of operating while intoxicated in 2006 and 2009. As part of the plea agreement, the charge was reduced to OWI, second offense, an aggravated misdemeanor.

OWI, OWI, leaving the scene of an accident. And now here we are again on another OWI, the third one since 2005. I am mindful of the obligations that you have at home and that you have people that you care about and that care about you and that rely upon you. And by the letters I read and the testimony I heard here today, you have—you are a very good support system for a lot of people. But the thing is almost everybody you encounter on the road has people that care about them and love them and that they love and that rely on them. And you expose them to harm every time you do this, and they don't get to vote on it. You get to vote on your decision to jeopardize yourself and the people you love and care about and that rely on you. All those people that you encounter on the road don't get to vote because you are casting that vote for them. And for you to do that three times since 2005 is unacceptable. As I mentioned earlier in the hearing, I am also troubled to the point of being mind-boggled over how you commit this crime in July, essentially get kicked out of the treatment in October for failing to follow through, you enter a plea in December with a sentencing hearing in February, and have made nothing but token—in my view token efforts to reinitiate that treatment. So I find that troubling as well.

After factoring in all the above, and in "trying to provide for [Carter's] rehabilitation and the protection of the community," the court sentenced Carter to two years in prison.

We review a sentence imposed in a criminal case for an abuse of discretion. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). A sentence that is within the statutory limits is cloaked with a strong presumption in its favor. *See id.* We will not find an abuse of discretion unless we are able to discern that the decision was exercised on grounds or for reasons clearly untenable or unreasonable. *See id.* It is not an abuse of discretion for a court to reject the sentencing recommendation of a presentence investigator. *See State v. Taylor*, 490 N.W.2d 536, 539 (Iowa 1992).

Upon our review of the record and the briefs, we find no abuse of discretion in the district court's sentencing decision. The sentence imposed was

within the statutory maximum, and the court articulated and weighed all the pertinent factors in determining the sentence. We therefore affirm Carter's conviction and sentence pursuant to Iowa Court Rule 21.26(1)(a) and (e).

**AFFIRMED.**