# IN THE COURT OF APPEALS OF IOWA

No. 15-0658
Filed April 6, 2016

STATE OF IOWA,
    Plaintiff-Appellee,

vs.

JOSHUA ISIAH WEBBS,
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Mary Jane Sokolovske, Judge.

Joshua Webbs appeals the sentence entered on his second-degree-theft convictions. **SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH DIRECTIONS.**

Zachary S. Hindman of Mayne, Arneson, Hindman, Hisey & Daane, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Joshua Webbs was granted deferred judgments following two second-degree-theft convictions. After violating the terms of his probation, the probation was revoked and sentences were imposed. In this appeal, Webbs argues the district court abused its discretion in imposing the sentences. We affirm the portion of the sentencing order imposing concurrent five-year prison sentences on his convictions, but we vacate the portion of the order imposing fines and remand for entry of a corrected sentencing order.

## I. BACKGROUND FACTS AND PROCEEDINGS.

In October 2014, Webbs was charged with first-degree theft, second-degree theft, and false imprisonment. After negotiating with the State, he agreed to plead guilty to two counts of second-degree theft. Judgment on both guilty pleas was deferred, and Webbs was placed on probation for three years with the condition that he complete a residential-treatment-facility program.

In March 2015, the State filed an application to revoke probation after Webbs used marijuana and after his stay at the residential treatment facility was terminated, both of which violated the terms of his probation. Webbs admitted he had violated the terms of his probation and agreed that his probation should be revoked. However, he requested he be sentenced to thirty days in jail, with credit for time served, and again be placed on probation. The State asked that prison sentences be imposed on each theft charge.

The district court revoked Webbs's probation and sentenced him to prison terms not to exceed five years on each theft conviction. It ordered the sentences to run concurrently. Webbs appeals.

## II. SCOPE AND STANDARD OF REVIEW.

We review the district court's sentencing decisions for the correction of errors at law. *See State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006). Because the sentence imposed is within the statutory limits, we will only reverse if the court abused its discretion in imposing the sentence. *See id.* An abuse of discretion occurs when the sentence imposed is unreasonable or based on untenable grounds. *See id.* at 445.

In determining whether an abuse of discretion occurred, we must consider the societal goals of sentencing criminal offenders: the rehabilitation of the offender and the protection of the community from further offenses. *See id.* We "weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, [and] the defendant's age, character, and propensities or chances for reform." *State v. Johnson*, 476 N.W.2d 330, 335 (Iowa 1991). Because sentencing decisions are discretionary in nature, the application of these goals and factors will not always result in the same sentence. *See Valin*, 724 N.W.2d at 445.

## III. PRISON SENTENCE.

Webbs first contends the district court abused its discretion in sentencing him to a term of no more than five years in prison on each of his theft convictions. He argues the court abused its discretion because (1) it failed to consider all the relevant factors and to state its reasons for the sentence on the record and (2) it imposed an unreasonable sentence.

Iowa Rule of Criminal Procedure 2.23(3)(d) requires that the court "state on the record its reason for selecting the particular sentence." This statement is

necessary to afford the reviewing court the ability to assess whether the court abused its discretion in selecting a particular sentence. *See State v. Thacker*, 862 N.W.2d 402, 407 (Iowa 2015). "Boilerplate language" that does not show why a particular sentence was imposed in a particular case is insufficient. *See id.* at 408. However, the statement need not be detailed; "terse reasoning can be adequate" if "the statement in the context of the record demonstrates what motivated the district court to enter a particular sentence." *Id.*

At the probation-revocation hearing, the district court stated it was imposing prison sentences on Webbs's convictions for the following reasons: "The court does believe that this will provide the maximum opportunity for rehabilitation; that the sentence will serve to protect the community; I have considered your age, your prior record, the nature of the offense committed; I have reviewed the presentence investigation." The presentence investigation report recommended incarceration, noting Webbs "has had disciplinary problems throughout his stay in the Woodbury County Jail, to the point that he has incurred a new Criminal Mischief-4th Degree charge. It appears a prison sentence is well-warranted in this matter, given the circumstances of these offenses." Although the district court did not elaborate, its reasoning—when viewed in context of the entire record—is sufficient to allow us to find it properly exercised its discretion in sentencing Webbs to a term of no more than five years in prison on his convictions for second-degree theft. *See State v. Carberry*, 501 N.W.2d 473, 478 (Iowa 1993) (affirming even though the court's statement of reasons for imposing consecutive sentences "was extremely terse"); *State v. Taylor*, 490 N.W.2d 536, 539 (Iowa 1992) ("While the court's statement of reasons for the

sentence, 'the nature of the offense,' is only a minimal compliance with [rule 2.23(3)(d)], we believe it was adequate."); *State v. Victor*, 310 N.W.2d 201, 205 (Iowa 1981) (holding the requirement that the court state its reasons for imposing the sentence was satisfied where the court only cited the "nature of the offense" because "exactly what motivated and prompted the sentence" was clear from the record as a whole, and therefore the "brevity of the court's statement of reasons" did not impede appellate review).

It was also reasonable for the district court to sentence Webbs to a term of incarceration. Although the presentence investigation report recommended incarceration, the district court granted Webbs a deferred judgment. Webbs violated the terms of his probation only eleven days after entering the residential treatment facility. During his short stay, Webbs smoked marijuana and committed five major rule violations. The district court did not abuse its discretion in imposing a prison sentence on these facts. We affirm the portion of the sentencing order imposing concurrent prison sentences on each second-degree-theft conviction.

### IV. FINES.

Webbs also challenges the fines imposed on his convictions because the district court failed to reduce them by the amount of the civil penalties that were imposed against him when he received his deferred judgment. The State concedes this was in error. *See* Iowa Code § 908.11(5) (2015) (requiring the district court, in revoking probation and imposing a fine, to "reduce the amount of the fine by an amount equal to the amount of the civil penalty previously assessed against the defendant pursuant to section 907.14"). Accordingly, we

vacate the portion of the sentence imposing the fine and remand to the district court to enter a corrected sentencing order that reflects the credit for the civil penalty assessed against Webbs when he was granted a deferred judgment. *See State v. Calvin*, 839 N.W.2d 181, 187-88 (Iowa 2013) (remanding the case to the district court to modify its sentencing order to correct an error in its calculation of credit for time served); *State v. Mai*, 572 N.W.2d 168, 170 (Iowa Ct. App. 1997) ("Where an improper sentence is severable this court may strike invalid portions of the sentence without disturbing the remainder and remand for appropriate action in the district court.").

Costs of this appeal are taxed to the State.

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH DIRECTIONS.**