# IN THE COURT OF APPEALS OF IOWA

No. 18-1597
Filed February 19, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**COURTNEY ALLEN KELLUM,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Lee (South) County, Michael J.

Schilling, Judge.

A defendant appeals his prison sentence. **AFFIRMED.**

Jeffrey L. Powell of Powell & McCullough, PLC, Coralville, for appellant.

Thomas J. Miller, Attorney General, and Katie Krickbaum, Assistant

Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**TABOR, Judge.**

Courtney Kellum appeals the prison sentence imposed following his guilty pleas to delivery of methamphetamine and willful injury causing bodily injury. He highlights the State's description of him as a "junior varsity offender" in contending the district court should have granted probation. After assessing the record, we find the district court properly exercised its discretion.[1]

This appeal involves two consolidated cases. In the first prosecution, Kellum pleaded guilty to willful injury causing bodily injury, a class "D" felony, in violation of Iowa Code section 708.4(2) (2018). Kellum admitted stabbing the new boyfriend of the mother of his child. In the second case, Kellum pleaded guilty to delivery of methamphetamine, a class "C" felony, in violation of Iowa Code section 124.401(1)(c)(6). He admitted selling less than five grams of the drug to a confidential informant.[2]

The district court considered both convictions at an August 2018 sentencing hearing. In preparation for that hearing, the presentence investigation report (PSI)

---

[1] We review Kellum's sentence for correction of legal error. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will not reverse unless we find an abuse of discretion or a defect in the sentencing procedure. *Id.* Because Kellum's prison sentence was within statutory limits, we presume the district court properly exercised its discretion. *See id.* A district court abuses its discretion when it chooses a sentence on untenable grounds. *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). Grounds are untenable when they are "not supported by substantial evidence" or are "based on an erroneous application of the law." *Id.* (quoting *State v. Putman*, 848 N.W.2d 1, 8 (Iowa 2014)).

[2] The Iowa legislature amended Iowa Code sections 814.6 and 814.7, effective July 1, 2019, limiting direct appeals from guilty pleas and eliminating direct-appeal ineffective-assistance-of-counsel claims. *See* 2019 Iowa Acts ch. 140, §§ 28, 31 (codified at Iowa Code §§ 814.6–.7). The amendments "apply only prospectively and do not apply to cases pending on July 1, 2019," so the guilty-plea limitations do not apply in this case. *State v. Macke* , 933 N.W.2d 226, 235 (Iowa 2019).

recommended a suspended sentence and placing Kellum at a residential treatment facility. While noting the PSI included "six and half pages worth of adult misdemeanor offenses," the prosecutor agreed with the recommendation for a suspended sentence.

> He's been a junior varsity offender up to this point in time. Corrections thinks that they can help him. So if they think that, then I'm going to go along with their recommendation. I would recommend that he serve two concurrent terms as the result of these cases and that he be given a chance to go through the residential facility program on a suspended sentence. To me, his record indicates immaturity. And the case that I was involved in—not the drug case but the other case—although serious, really kind of a silly factual scenario, and I would contribute that to immaturity.

The district court chimed in: "Well, he's thirty-four years old; so it's kind of old to be immature." The prosecutor responded he "didn't realize [Kellum] was that old."

Defense counsel then lobbied for a suspended sentence but asked the court "to forego the imposition of the residential correctional facility as a condition of his probation." The defense acknowledged Kellum's lengthy history of misdemeanor offenses and his "poor choices" regarding controlled substances. But the defense also discussed Kellum's job prospects and his desire to "be a better role model" for his children than he has been in the past.

After considering the PSI and the parties' positions, the district court rejected the joint recommendation for probation. In doing so, the court emphasized Kellum's violent past, asserting "in my opinion, you constitute a danger to the community." Although recognizing they were all misdemeanors, the court listed Kellum's prior offenses. "By my calculation, six thefts; four assaults; three interference with official acts; ten alcohol-related offenses; and one controlled

substance offense, not including the two offenses you're here for today." Given that history, the district court decided a prison sentence would best protect the community.

The court summarized its sentencing rationale:

In my judgment it's not likely that you're going to be successful in community-based corrections. When I read the presentence investigation, (A) You have virtually no employment history. (B) You deny you have a problem with alcohol abuse in spite of the fact that you've had ten alcohol-related offenses in your life. You denied having a controlled substance problem in spite of the fact that you were convicted of delivery of a controlled substance and have, at least, one prior controlled substance violation.

The court then imposed concurrent indeterminate terms of five years and ten years.

On appeal, Kellum insists the district court was "unreasonable in ignoring the recommendations of the Department of Corrections and the prosecutor." We disagree for two reasons. First, a sentencing court does not abuse its discretion by refusing to grant probation even if recommended by the PSI and the parties. *See State v. Taylor*, 490 N.W.2d 536, 539 (Iowa 1992); *State v. Beyer*, 258 N.W.2d 353, 359 (Iowa 1977). Second, the district court decided on incarceration after considering Kellum's age, criminal history, employment circumstances, family circumstances, the nature of the offenses, and the information contained in the PSI. *See* Iowa Code § 907.5(1) (setting forth relevant sentencing factors). The court weighed those factors along with the goal of protecting the community from further offenses. *See id.* On this record, Kellum fails to overcome the presumption the sentencing court properly exercised its discretion.

**AFFIRMED.**