**IN THE COURT OF APPEALS OF IOWA**

No. 24-1970
Filed September 4, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KARIE KRISTINE MCELROY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Elizabeth Dupuich,
Judge.


        A defendant appeals her sentence following a guilty plea.  **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant
Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney
General, for appellee.


        Considered without oral argument by Schumacher, P.J., and Badding and
Langholz, JJ.

**BADDING, Judge.**

When she was twenty years old, Karie McElroy drove the wrong way on the interstate while intoxicated and collided with another vehicle. The other driver survived the crash but was seriously injured. McElroy pleaded guilty to serious injury by motor vehicle and operating while intoxicated.

At the sentencing hearing, the State asked the court to impose a prison sentence based on the seriousness of the offense, McElroy's criminal history, and the impact on the victims. McElroy and the presentence investigation report recommended a suspended sentence with probation. McElroy highlighted several mitigating factors in support of this recommendation, including her compliance with pretrial release conditions, expression of remorse, abstinence from alcohol and controlled substances since the accident, completion of substance-use treatment, participation in mental-health therapy, pregnancy, and strong family support.

The sentencing court rejected McElroy's request for probation and imposed a prison sentence. In reaching its decision, the court cited the nature and circumstances of the offense, McElroy's criminal history, the recommendations of counsel, the statements from both McElroy and the victims, and the need for rehabilitation and protection of the community. The court stated additional reasons on the record:

> In this case, I've considered the relevant circumstances, including the defendant is in her early twenties with a criminal history including possession of marijuana conviction from 2021 in which her deferred judgment was previously revoked, and a possession of drug paraphernalia conviction in approximately 2021 and 2022.
> In November of 2022, the defendant chose to borrow her friend's car, drink, and drive the wrong way down the interstate. Her blood alcohol content was almost twice the legal limit. She struck [the victim], who was driving the correct way. He suffered serious

injuries requiring, as he stated, approximately ten surgeries. The presentence investigation report also states that the defendant smoked marijuana on the day of the incident.

Her employment history is somewhat sporadic. She has good relationships with her brothers, is married and expecting a child. As a result of this offense, the defendant has also had to have surgeries on her knee and have her spleen removed. This offense is extremely serious and caused great physical harm to [the victim].

The defendant's attorney states she has expressed remorse. Her statement that she had two drinks at the club in the presentence report does not appear accurate to the Court. I understand that she's expressed remorse. I've considered the need to protect the community through deterrence not just from future crimes by her, but also from the commission of similar crimes by others, and I have not considered any unproven charges or conduct that the defendant has not admitted to.

McElroy now appeals the sentence imposed,[1] claiming the court abused its discretion by sentencing her to a term of incarceration instead of a suspended sentence with probation. She argues the court improperly focused on the need to deter others in the community and failed to give adequate weight to mitigating factors. We disagree.

Under Iowa Code section 901.5, the sentencing court must consider all available sentencing options and determine which "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." In doing so, the court is expected to "weigh and consider all pertinent matters in determining [a] proper sentence." *State v. Cooley*, 587 N.W.2d 752, 754–55 (Iowa 1998) (citation omitted). These considerations include the nature and circumstances of the offense, the defendant's age and character, the likelihood of reform, the

---

[1] Because McElroy is challenging her non-mandatory and contested sentence, she has good cause to appeal as required by Iowa Code section 814.6(1)(a)(3) (2024). *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors. *Damme*, 944 N.W.2d at 106.

The sentencing court considered these factors and found that a term of incarceration was appropriate given the circumstances. That decision "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *Id.* at 105–06 (citation omitted). This court will not reweigh the evidence or second-guess the sentencing court's decision. *Id.* at 106. Instead, the only question before us is whether the court's discretion "was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.*

From McElroy's perspective, the court "focused on all the negatives." But the record shows the court considered multiple appropriate factors in reaching its decision—mitigating and aggravating. The fact that the outcome differed from what McElroy requested and the presentence investigation report recommended does not, by itself, establish an abuse of discretion. *See State v. Taylor*, 490 N.W.2d 536, 539 (Iowa 1992) ("While the presentence investigation report recommended probation, we have held that it is not an abuse of discretion to refuse to grant probation even in the face of such recommendations."). Moreover, while the court did not recite every mitigating factor on the record, it heard and acknowledged those arguments presented by McElroy. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) ("[T]he failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered.").

McElroy's argument is, in essence, a request to reweigh the mitigating evidence—a task we cannot do. *Damme*, 944 N.W.2d at 106. McElroy may

believe the record justified a more lenient sentence, but "it is equally clear under our standard of review that the district court was justified in imposing incarceration." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). We conclude the sentencing court properly considered the relevant factors and did not abuse its discretion. Accordingly, we affirm McElroy's sentence.

**AFFIRMED.**